```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

TYREE FORD,

    Plaintiff,

v.                                         Case No. 2:22-cv-384-JES-KCD

KARA ANTONIDES, YESENIA
CASTRO, YALINA RODRIGUEZ,
AND KEVIN KARNES,

    Defendants.

_____

**OPINION AND ORDER**

    Tyree Ford ("Plaintiff"), a pretrial detainee at the Lee County Jail, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff generally alleges that he was unlawfully arrested after a traffic stop, was not allowed to see a judicial officer upon demand, and has been unlawfully charged with twenty felonies. Because Plaintiff proceeds in forma pauperis (Doc. 7), his complaint is before the Court for screening under 28 U.S.C. § 1915(e)(2)(B).

    After careful consideration of Plaintiff's allegations, the Court dismisses his complaint as frivolous and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

## I. Complaint

On February 25, 2022, Plaintiff was traveling on Cape Coral Parkway in Cape Coral, Florida. (Doc. 1 at 6). The tags on his car "clearly displayed" that he was a "Traveler – not for hire. Private Property." (Id.) Nevertheless, he was pulled over by defendant police officer Kara Antonides, who approached his window and requested Plaintiff's driver's license. (Id.) Plaintiff informed Defendant Antonides that he was a "traveler." (Id.) Defendant Antonides called for backup, and the police forced Plaintiff out of his car. (Id.) The police continued to demand a drivers license, and Plaintiff "continued to inform them that [he] was a traveler, and [he] stated that [he] was a citizen of the republic of the United States of America." (Id.) The police then arrested Plaintiff, "hypothecating [his] name and making [him] a citizen of the U.S. Corporation." (Id.)

After posting bond, Plaintiff went to the Clerk of Court's Office, "to invoke [his] jurisdiction and due process." (Doc. 1 at 6). Defendant Yesenia Castro told Plaintiff that he "couldn't see a judge and nobody could see [him]." (Id.) Defendant Castro's supervisor, Defendant Yolanda Rodriguez, told him the same and refused to bring Plaintiff before a judge. (Id.) When Plaintiff asked to see Defendant Kevin Karnes, they told him that he was unavailable and would not see him. (Id.)

2

Thereafter, Plaintiff left the Clerk's Office, but sent Defendants Castro and Rodriguez and non-defendant Linda Dogget a "jurisdictional challenge" by notary presentment. (Doc. 1 at 7). However, it was dishonored. (Id.) The Clerk's office then issued Plaintiff a certificate of non-response, a certificate of non-performance, a certificate of default, and a certificate of service. (Id.) He asserts that these "were all presented to [him] by a notary which I recorded with the clerk of courts." (Id.) Plaintiff asserts that when he "went to record it in the official records, they altered them and retaliated by issuing 20 capias warrants and charging me with 20 felonies." (Id.)

Plaintiff now seeks to place Defendant Kara Antonides under citizen's arrest for an unlawful traffic stop and official misconduct. (Doc. 1 at 8)  He also seeks two million dollars for loss of wages and psychological damages. (Id.)

## II.  Legal Standards

**A.  28 U.S.C. § 1915(e)(2)(B)**

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

3

>>shall dismiss the case at any time if the court determines that--
>
>>(A)   the allegation of poverty is untrue; or
>
>>(B)   the action or appeal-
>
>>>(i)       is frivolous or malicious;
>>
>>>(ii)      fails to state a claim on which relief may be granted; or
>>
>>>(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of

Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).") That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

    **B.**    **42 U.S.C. § 1983**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]". 42 U.S.C. § 1983. Therefore, to state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Additionally, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal

5

connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

### III. Discussion

**A.   Plaintiff does not state a claim against Defendant Kara Antonides.**

Plaintiff does not explain how Defendant Antonides' stop of his car violated his civil rights under the Fourth or Fourteenth Amendments. Even self-represented plaintiffs are required to allege sufficient facts to support their claims, and the Court will not assume facts that are not alleged. See GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)).

Instead of alleging facts showing that the stop of his car was somehow improper (leading to a claim for false arrest or false imprisonment), Plaintiff bases his claims against Defendant Antonides on an argument that he was immune from the traffic stop she initiated (and that eventually led to his arrest) because he displayed a sign on his car informing her that he was a "Traveler – Not for hire. Private Property." (Doc. 1 at 6). This argument

6

is similar to those espoused by self-proclaimed "sovereign citizens," as explained in a 2019 law review article:

> The most common type of Sovereign Citizen claim encountered by local and state police, as well as federal border patrol agents, is the "right to travel." Citing the Constitution, Supreme Court cases, and a plethora of other sources, Sovereign Citizens believe they are not required to have driver's licenses, license plates, vehicle registration, or to stop at border or sobriety checkpoints. Similar to other claims, Sovereign Citizens discussing the "right to travel" place special emphasis on the words being used. They differentiate between a driver and a traveler; an automobile and a motor vehicle; commercial and non-commercial; and public versus private conveyances. Once a Sovereign Citizen claims that he or she is merely a traveler or traveling, he or she then uses federal and state cases to support the "right to travel." Sovereign Citizens also believe the right to travel constitutes a complete bar on government interference with travel in the absence of probable cause or evidence that a victim has been harmed.

Caesar Kalinowski, IV, A Legal Response to the Sovereign Citizen Movement, 80 Mont. L. Rev. 153, 167-68 (2019) (citations omitted). These types of claims—that a plaintiff is entitled to different treatment as a "sovereign citizen"—are routinely rejected by federal courts as frivolous. See, e.g., United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that so-called "sovereign citizens" are individuals who believe they are not subject to courts' jurisdiction and that courts have summarily rejected their legal theories as frivolous); United States v. Benabe, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign

7

citizen" arguments "be rejected summarily, however they are presented."); Reed v. Jones, No. 4:21CV3051, 2021 WL 2913023, at *3 (D. Neb. July 12, 2021) ("sovereign citizen" argument that motor-vehicle registration and licensing laws do not apply to plaintiff rejected as frivolous); Trevino v. Florida, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (affirming dismissal of 1983 action based on sovereign citizens as frivolous and noting that if those theories challenged the conviction, habeas was the proper avenue of relief).

Nothing alleged in Plaintiff's complaint even remotely suggests that he is entitled to relief against Defendant Antonides under recognized theories of relief. And, as noted, Plaintiff's sovereign citizen argument has been soundly rejected by federal courts. Accordingly, all claims against Defendant Antonides are dismissed from this action as frivolous and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

### B. Plaintiff does not state claims against Defendants Yesenia Castro, Yalina Rodriguez, or Kevin Karnes.

Again, it is unclear the theory of relief Plaintiff asserts against Defendants Castro, Rodriguez, and Karnes—all employees of the Clerk of Court in Lee County. To the extent Plaintiff argues that any of these defendants violated his rights to due process by not immediately bringing him in front of a judge upon demand, the

8

complaint is completely without merit. To be clear, Plaintiff has a right under the Due Process Clause of the Fourteenth Amendment to be heard on the charges that were filed against him as a result of the traffic stop. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976)("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation omitted)). However, nothing in the Constitution suggests that a defendant is entitled to an immediate appearance before a judicial officer upon demand or that a state employee's refusal to acquiesce to that demand subjects that employee to civil liability. And by complaining that he was issued certificates of non-response, non-performance, default, and service by the clerk's office, Plaintiff acknowledges that he did not appear before a judge in state court when provided the opportunity to do so. (Doc. 1 at 7).

Finally, Plaintiff's claim that the Clerk's employees were responsible for "charging him with 20 felonies" is illogical. The state prosecutor, not employees of the clerk's office are responsible for filing charges against a defendant. See State v. Greaux, 977 So. 2d 614 (Fla 4th DCA 2008) ("The prosecutor has the sole discretion to charge and prosecute criminal acts."). And to the extent Plaintiff argues that he was wrongfully charged by anyone, the Younger abstention doctrine prohibits federal courts from interfering (through a section 1983 complaint) in a

9

plaintiff's pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). Under Younger and its progeny, federal courts must abstain from interfering with an ongoing state criminal proceeding when it implicates important state interests and there is an adequate opportunity in the state proceeding to raise constitutional challenges. See Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Considering whether Plaintiff has been wrongfully charged would significantly interfere with his pending state criminal proceedings. Moreover, the state courts provide an adequate forum for Plaintiff's constitutional claims, and he has not alleged that any extraordinary circumstances exist to justify this Court's interference with his ongoing prosecution. See Boyd v. Georgia, 512 F. App'x 915, 918 (11th Cir. 2013) (affirming dismissal of section 1983 complaint because the plaintiff's "state criminal proceeding is ongoing, implicates and important state interest, and will provide an adequate opportunity for [Plaintiff] to raise constitutional challenges"); Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766–67 (11th Cir. 2013) (finding that abstention was appropriate in a section 1983 case where plaintiff alleged false arrest because the plaintiff's "state criminal proceedings commenced prior to his filing a complaint").[1]

---

[1] Generally, a district court will consider staying, rather than dismissing, premature section 1983 claims. See Deakins v.

10

Plaintiff has not stated a claim upon which relief may be granted against Defendants Castro, Rodriguez, or Karnes, and these defendants must be dismissed from this complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Conclusion

The Court finds that all named defendants are dismissed from this action for failure to state a claim against them on which relief may be granted. With no remaining claims or defendants, this action is dismissed as frivolous and for failing to state a claim upon which relief may be granted. Moreover, any claim that challenges Plaintiff's ongoing state criminal case is subject to dismissal under Younger. Therefore, it is apparent from Plaintiff's pleadings that granting leave to amend would be futile. Mitchell v. Thompson, 564 F. App'x 452, 456 (11th Cir. 2014) (affirming denial of pro se plaintiff's motion for leave to amend based on futility of amendment).

Accordingly, it is now **ORDERED**:

1. Plaintiff's 42 U.S.C. § 1983 complaint is **DISMISSED** as frivolous and for failure to state a claim on which

---

Monaghan, 484 U.S. 193, 198 (1988) (holding that district courts should stay federal claims for monetary relief when abstaining from a parallel state proceeding). However, other reasons provide cause to dismiss this case as frivolous and for failure to state a claim on which relief may be granted. See discussion infra. Accordingly, the Court will not stay the case pending resolution of Plaintiff's state criminal proceedings.

11

relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

2. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on October 26, 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:  Tyree Ford

12